IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
| : | Case No. 4-15-01927 |
| JODI L. AUKER, : | |
| Debtors : | |
| : | Stay Relief |
| THE BANK OF NEW YORK MELLON, : | |
| Fka THE BANK OF NEW YORK as : | |
| Trustee for the Certificate Holders of : | |
| CWALT, INC., ALTERNATE LOAN : | |
| TRUST 2007-IT1, MORTGAGE PASS- : | |
| THROUGH CERTIFICATES, SERIES : | |
| 2007-1T1, : | |
| VS. : | |
| : | Chapter 13 |
| JODI L. AUKER, WAYNE AUKER, and : | |
| CHARLES J. DeHART, III, TRUSTEE, : | |

ANSWER TO MOTION OF BANK OF NEW YORK MELLON
FOR RELIEF FROM AUTOMATIC STAY

COMES NOW, Jodi L. Auker, Debtor herein, by her attorneys, the law firm of Stover, McGlaughlin, Gerace, Weyandt & McCormick, P.C., and respectfully responds as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

Case 4:15-bk-01927-JJT    Doc 120    Filed 09/12/17    Entered 09/12/17 14:55:20    Desc
Main Document    Page 1 of 5

8. Denied as stated. Debtor Jodi L. Auker (Auker) filed the above-captioned bankruptcy petition because she had business debts which she intends to discharge.

9. Denied. Auker is current with her mortgage payments. Throughout this case, the Bank of New York Mellon (Bank) has had a history of failing to properly credit Auker's payments. In addition, Bank's "Monthly Payments in Default" appear to be inconsistent (a) with the balance of the paragraph and (b) with reality, inasmuch as it undercounts the alleged default per the remainder of the Bank's paragraph and over-counts the actual default by alleging that one exists.

10. Denied as stated. Bank's counsel fees and costs arise from their causing their counsel to file stay relief motions without properly crediting Auker's payments. In addition, Bank has also caused Auker to incur counsel fees and costs defending its stay relief motions.

11. Denied. Auker is current with her mortgage payments. As a result, Bank is adequately protected. There is no cause for stay relief.

12. Denied. Auker's mortgage payments, once Bank begins to properly credit them, would augment Bank's equity cushion in the collateral.

13. Denied. Due to Bank's repeated failure to properly credit her payments, Auker strongly opposes any relief which removes the prior review of an objective third party, such as the Court.

14. Denied. Bank asserts no grounds for waiver of Bankruptcy Rule 4001(a)(3).

WHEREFORE, Jodi L. Auker, Debtor herein, respectfully requests that this Court deny the relief requested in the Bank of New York's Motion and for such other and further relief as is equitable and just.

    Respectfully submitted,

    STOVER, McGLAUGHLIN, GERACE,
    WEYANDT & McCORMICK, P.C.

    By:_/s/ Donald M. Hahn_____
        Donald M. Hahn (PA Bar ID 66398)
        122 East High Street
        P.O. Box 209
        Bellefonte, PA 16823
        (814) 355-8235
        Attorney for the Debtors

I, Jodi L. Auker, Debtor herein, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.


Dated:_9/12/17____          _/s/ Jodi L. Auker_____
                             Jodi L. Auker

CERTIFICATE OF SERVICE

I hereby certify that I am this day serving the foregoing documents upon the person(s) and in the manner indicated below:

<u>Service by ECF Filing Notice as Follows:</u>

Charles DeHart, III, Esquire
Chapter 13 Trustee

Steven P. Kelly, Esquire
Attorney for the Bank of New York Mellon

DATED this _*12*<sup>th</sup>____ day of _*September*_____, A.D., 20_*17*.

_/s/ Donald M. Hahn_____